## Gschwend *v.* Millvale Borough, Appellant.

*Negligence—Hole in pavement—Borough.*

In an action against a borough to recover damages for personal injuries where there is evidence that plaintiff was injured by stepping into a hole in a cinder sidewalk in the night time, and that the hole had been allowed to·remain in a dangerous condition for three or four weeks, the case must be submitted to the jury.

Argued Nov. 3, 1893.   Appeal, No. 246, Oct. T., 1893, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1892, No. 9, on verdict for plaintiff, Charles Gschwend. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.   Before COLLIER, J.

At the trial, evidence in behalf of plaintiff tended to show that on the evening of Dec. 22, 1890, plaintiff, while passing along a cinder sidewalk on Bridge street, in Millvale, stepped into a hole some four inches deep, and sprained his ankle.   The evidence also tended to show that the sidewalk had been in a dangerous condition for three or four weeks.

The court submitted the whole case to the jury.

Verdict and judgment for plaintiff for $800.

*Errors assigned* were (1, 2) instructions quoted in opinion of Supreme Court, quoting them.

*R. H. Jackson*, for appellant, cited: Burns·v. Bradford City, 137 Pa. 361; Jones, Neg. Mun. Corp. 93; 2 Dillon, Mun. Corp. 1019; Otto Twp. v. Wolf, 106 Pa. 608; Robb v. Connellsville Boro., 137 Pa. 42; Haven v. Bridge Co., 151 Pa. 620.

*James Bredin*, for appellee, filed no paper buok.

PER CURIAM, December 30, 1893:

The only subjects of complaint, in this case, are the answers of the learned trial judge refusing defendant's sixth and seventh points, viz.: (*a*) "There is no sufficient proof that the injuries

complained of, . . . . were caused by the negligence of the defendant;" and (b), "Under all evidence, . . . . the verdict should be for the defendant."

In view of the testimony, tending to prove that the borough authorities were guilty of negligence, in that they permitted to remain, in the public sidewalk, a dangerous depression or "hole" into which the plaintiff, in the night time, accidentally stepped and thereby sustained a severe and probably permanent injury, it would have been error to have withdrawn the case from the jury by affirming either of said points.   Without undertaking to summarize the testimony, showing the dangerous condition of said sidewalk, particularly in the night time, the nature and extent of plaintiff's injury, etc., it was clearly sufficient to carry the case to the jury on the main questions of defendant's alleged negligence and plaintiff's resultant damages.   Upon all the testimony, and with full and adequate instructions as to the duty of the defendant as well as the plaintiff himself, the case was fairly submitted to the jury; and, in the absence of any apparent error, to the prejudice of the defendant, the judgment entered on the verdict should not be disturbed.

Judgment affirmed.