⌐190      89⌐
d 35 SC 316⌐

Daniel W. Nudd and Rebecca Nudd, his wife, to the use
of Rebecca Nudd, v. The Borough of Lansdowne, Ap-
pellant.

*Negligence—Boroughs—Defect in highway.*

In an action against a borough to recover damages for personal injuries
suffered by a woman falling into a hole in a highway, the case is for the
jury where the evidence tends to show that the hole was in or on the edge
of the traveled part of the road; that it was eighteen inches deep and two
feet wide; that a board walk had formerly covered the hole, but had gradu-
ally gone out of repair; that the borough had received written notice of
the existence of the hole, and had allowed it to continue for a long time
without light or guard; that an electric light of a defective character near
the hole was not burning at the time of the accident, and that the night
was dark.

Argued Feb. 6, 1899. Appeal, No. 125, Jan. T., 1898, by
defendant, from judgment of C. P. Delaware Co., Dec. T., 1897,
No. 215, on verdict for plaintiff. Before STERRETT, C. J.,
GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before CLAYTON, P. J.

At the trial it appeared that on the evening of November 23,
1896, between 8 and 9 o'clock, Mrs. Nudd was injured by
falling into a hole in Burmont road immediately south of Balti-
more avenue. The evidence tended to show that the hole was
eighteen inches deep and two feet wide, and that it had con-
tinued for a long time without light or guard.

Other facts appear by the charge which was as follows :

So far as the traveled way is concerned, it is the duty of the
borough authorities to keep it in a reasonable condition. Now,
by the traveled way we mean the part of the road that the bor-
ough has laid out and provided for public travel. If, for in-
stance, the borough authorities, or the authorities that preceded
the formation of the borough, macadamized this road or any
part of it, that part of it it was their duty to keep in good, safe,
traveling condition. But there is not, I suppose, a country road
in the state that is entirely safe outside of the traveled way.
There are gutters, places subject to every freshet, where every

rain may cause them to become dangerous. There are wash-outs and places of that sort, so that it would seem to be almost impossible to keep it entirely free from danger, but the traveled way must be kept reasonably safe. If you shall find, in the first place, that at the place where this accident happened that the road was a suburban one in a rural district, then the law applicable to a country road will apply to this place and the law applicable to a country road is that the traveled way, the way that is open for the public to travel upon, must be kept in good condition. That does not apply to sidewalks and the stumps and the trees and the bushes that grow along the side of the road that have not been open for public travel. If you find, therefore, from the evidence in this case, and it seems to me that the weight of the evidence would seem to so indicate, that this was a road in a rural or country district and not in the built-up part of the borough, then I charge you that unless this obstacle, this dark place, was within the lines of the traveled way, within the lines of the part of that road which had been opened by the authorities for the public to ride, walk or travel upon, there can be no recovery ; especially, unless there was actual notice. If, upon the other hand, you find that this obstacle, this dangerous place, was within the. lines of the road laid out by the public for the people to walk and ride over, then I charge you there may be a recovery if you find that the place was dangerous and that the borough was negligent or had notice of the obstruction; if the borough had no notice of this dangerous place, there can be no recovery against it. Even then there can be no recovery unless you find that there was no negligence upon the part of the plaintiff. Now, gentlemen, it is my duty to say to you that the law requires every traveler traveling along a road at night, especially if by a road that the traveler is not familiar with, to observe not only great caution but extraordinarily great care. It requires the traveler to use his eyes, and if he can see to avoid danger, it requires him to feel his way and go carefully, especially if it be upon a road which he is not familiar with. A failure to observe care in walking over a road in the night-time, especially if it is dark, the failure to use due care, is in itself negligence, and the law says that if there is any negligence upon the part of the plaintiff that contributes to the accident there can be no recovery. Now, gentlemen, I have

given you the law that governs the case, and it will be for you
to apply the facts.   The first question for you to consider will
be, was this dangerous place within the lines laid out by the
public for the people to travel upon?   If you find that it was,
then you will proceed to the second question, did the borough
have notice of this dangerous place?   Notice may be of two
kinds, first, constructive notice where the dangerous place has
existed for a sufficient length of time under all circumstances
to convey notice to the authorities whose duty it is to be on the
alert, to look out for dangerous places.   It is impossible for me
to give you any rule as to what is sufficient notice.   It will
depend on all the circumstances of the case.   Of course, the
duty of the highway department of the borough is to have a
general supervision over its remote and unbuilt-up parts and
especial supervision over those parts which are built up, a gen-
eral supervision such as a supervisor would have, and if by any
accident there is a dangerous place, if the borough knows it or
ought to know it, it must put it in repair.   The second ques-
tion, therefore, after you have passed the first and found that
this accident occurred within the limits of the traveled way
prepared for the people to walk and ride over, then the next
question will be had the borough notice of this dangerous place.
And that notice may be constructive, that is to say, if it has
existed for a sufficiently long time to be generally noticed.
That would be sufficient considering where it was, the position
that it was in; it being in the rural part of the borough, con-
sidering all that, and making due allowance, then the next
question would be as to actual notice.   I cannot say that there
is any actual notice in this case.   It will be for you.   [There
is some evidence that there was actual notice that the sidewalk
was out of repair, but the witness cannot say whether the notice
applied to this sidewalk or the part nearer to Father O'Brien's
church, but he says there was a written notice given.   The
writing has not been produced and therefore we cannot say
positively as to what part of the sidewalk it referred to.   I say,
therefore, there is some evidence of actual as well as construc-
tive notice though the evidence is not very satisfactory or
clear.] [2]   If you come to the conclusion then that the borough
had notice; that they knew or ought to have known under the
circumstances that this dangerous place was in existence; and

one of the circumstances that bear upon that is the evidence that originally this was covered, this hole was originally covered or nearly covered by a sidewalk. Now I do not say that is so. But one of the witnesses, or two of them, say so. I think there are two witnesses that testified as to that. I think one of the witnesses testified that such a sidewalk was there when the culvert was put across the street and the mouth entered upon the plank. If it was in that condition then it would be safe. You must consider all these parts of the testimony. The sidewalk seems to have been abandoned, and it does seem to me that it would have been better if the borough had entirely removed that sidewalk and not left any remains of it there at all. They should either have a sidewalk there or have none, but I don't know that that has much to do with the case. It is certain, however, that there are some remains of a sidewalk there and when that sidewalk was there it was then of course a part of the traveled way of the street. Then I say if you come to the conclusion that this was in the traveled way, that the borough had notice and that it was a dangerous place, and that the plaintiff without any fault upon her part fell into it and was injured then there can be a recovery. There is evidence that when the light was burning this dangerous place could be easily seen even during the night-time. Now if we had evidence that the light was burning on the night when the accident occurred that would be a complete defense, because, as I said a moment ago, man or woman must preserve his or her life or limbs — they are not infants under the charge of guardians, they have no guardians to watch over them and see that they do not stumble over a stone, and it is their duty to use the greatest vigilance if they are traveling at night to avoid danger, and if by the use of their faculties they can avoid going into danger they must do it. So I say to you, gentlemen, if we had any evidence that this light was in good order upon the night when this accident happened it would be a complete bar to the recovery here, if it had given sufficient light for any one to see the danger, and the weight of the evidence is that it would do it. [Unfortunately for the borough, they seem to have known that this light was often out. The policeman says he so informed the authorities; he says he told them that the light was frequently out, and that by striking the pole the light would go out. Therefore the

facts seem to be established that the light was not burning when the accident occurred, and if we had no notice that the borough knew it was often out that might be a circumstance that would relieve the borough; but if the borough knew that the light guarded a dangerous place then it would be evidence of negligence upon their part to allow it to remain in that condition.] [3]   Still there could be no recovery unless the dangerous place is within the traveled roadway of the borough—unless it is in the traveled way there can be no recovery.   [We have no positive evidence how much of the thirty or forty feet of the street was within the usual traveled lines; we have no very clear or satisfactory evidence in regard to that.   We have the evidence that the macadamized part of the road came up or nearly up to the mouth of the culvert.   That is about all the evidence that we have upon that point.] [4]   We have also evidence that there had been a sidewalk there that covered the dangerous place.   Now, gentlemen, if you should get over all those points, that is to say, if you shall find that this dangerous place was within the lines of the traveled lines of the street, and that the borough had notice of it and that the plaintiff was not negligent but used all the care that a person in a dark night and in a dangerous place should use, then you will come to the question of damages.

Defendant's point and the answer thereto among others were as follows:

Under the evidence the verdict must be for the defendant. *Answer:* That point is declined.   I leave the question for the jury. [1]

*Errors assigned* were (1–4) above instructions, quoting them.

*L. L. Smith,* for appellant, cited on the question of negligence: Monongahela City v. Fischer, 111 Pa. 9; Auberle v. McKeesport, 179 Pa. 321; Canavan v. Oil City, 183 Pa. 611; Burns v. Bradford City, 137 Pa. 361; Lohr v. Philipsburg Borough, 156 Pa. 246.

Cited on the question of contributory negligence: Carlisle v. Brisbane, 113 Pa. 544; Township of Crescent v. Anderson, 114 Pa. 643; Dean v. Penna. R. Co., 129 Pa. 514.

*Thomas S. Gates* and *Frank P. Prichard,* for appellees, cited

as to the negligence of the borough: Corbalis v. Newberry Twp., 132 Pa. 9; McCue v. Knoxville Borough, 146 Pa. 580; Biggs v. West Newton Borough, 164 Pa. 341; Readdy v. Shamokin Borough, 137 Pa. 92; Gschwend v. Millvale Borough, 159 Pa. 257.

Cited as to contributory negligence: Carlisle v. Brisbane, 113 Pa. 544.

PER CURIAM, February 20, 1899:

The right of the plaintiffs to recover in this action depended on questions of fact which were clearly for the determination of the jury. There was therefore no error in refusing to withdraw the case from their consideration by directing a verdict in favor of defendant, as requested in its first point. On the contrary it was rightly submitted to them in a clear, accurate and fully adequate charge in which there appears to be no substantial error. The verdict was fully warranted by the evidence, and the judgment entered thereon should not be disturbed.

Judgment affirmed.