## Bassett *v.* Easton, Appellant.

*Negligence—Boroughs—Defective sidewalk.*

In an action against a borough to recover damages for personal injuries caused by falling on a defective sidewalk, a verdict and judgment for plaintiff will be sustained where the evidence tended to show that at the point where the accident occurred, the earth had been washed out from under the flagstones and from the bank at the side, that some of the stones became tilted, that there was a drop of several inches at the edge of the stones, and then a slope down into a hole several feet deep, that this condition of things had existed for several months prior to the accident, and that the accident occurred on a dark night.

*Negligence—Proximate cause—Amputation of leg.*

In an accident case plaintiff presented this point: "If the jury believe that the injury which the plaintiff received by reason of the defect in the sidewalk resulted in the disease which necessitated amputation of his leg, then the negligence of the defendant was the proximate cause of the loss of the plaintiff's leg, and the defendant is liable therefor." *Held*, that it was not error to answer the point as follows: "This point is affirmed provided the jury find that the accident was the proximate cause of the necessity for the amputation."

Argued March 12, 1901. Appeal, No. 318, Jan. T., 1900, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1899, No. 25, on verdict for plaintff in case of Charles R. Bassett v. City of Easton. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Schuyler, P. J.

At the trial it appeared that plantiff was injured on April 13, 1898, by falling on a defective sidewalk on North Eighth street in the city of Easton. The evidence for the plaintiff tended to show that at the place where the plaintiff fell the bank had been washed away, the earth being washed out from under part of the flagstones, and some of the stones themselves tilted when stepped on. By reason of the washout and defective filling there was a drop of at least seven inches if a pedestrian stepped over, or slipped off, the edge of the stone, and then a slope down into a hole several feet in depth. This condition of things had existed for not less than five or six months immediately prior to

the accident, and the testimony of one witness was to the effect that it existed in this way from the time the sidewalk was originally filled up, in 1893, continuously to the time of the accident.

It also appeared that the night was dark, and that although there were electric lights in the vicinity, the point where the accident occurred was in a deep shadow. As a result of the injuries, plaintiff's leg became diseased and was amputated.

The plaintiff submitted amongst others the following point:

4. If the jury believe that the injury which the plaintiff received by reason of the defect in the sidewalk resulted in the disease which necessitated amputation of his leg, then the negligence of the defendant was the proximate cause of the loss of the plaintiff's leg, and the defendant is liable therefor. *Answer:* This point is affirmed provided the jury find that the accident was the proximate cause of the necessity for the amputation.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $5,500. Defendant appealed.

*Errors assigned* were amongst others (1) answer to plaintiff's 4th point; (2) In refusing binding instructions for defendant.

*H. J. Steele* with him *Thomas D. Danner*, city solicitor, for appellant.

*J. W. Wilson*, with him *H. S. Cavanaugh*, for appellee.

PER CURIAM, October 11, 1901:

The testimony produced by the plaintiff if credited, established negligence on the part of the city. It was, therefore, necessary that it should be submitted to the jury.

As we are not convinced of error in either of the remaining assignments, we dismiss them.

Judgment affirmed.