## Mason, Appellant, v. Philadelphia.

205     177
26 SC ² 20
ǀj 26 SC ¹187

205     177ǀ
227    ¹505ǀ

*Negligence—Municipalities—Open gutter.*

The streets of a municipality cannot be maintained at a dead level. There must be some inequalities and offsets here and there. To hold the municipality responsible for missteps or slips by the users of the streets would be to make it an insurer.

In an action against a municipality to recover damages for personal injuries it appeared that plaintiff was injured by slipping into an open gutter, which was formed by two parallel lines of curbing, set about ten inches apart. The inner line was the ordinary curbstone at the edge of the sidewalk. The outer line was so placed as to support the raised grade of the street, at that point, which had there been suitably arranged for a driveway, or entrance from a street into a stable. The method of construction used was an ordinary and usual one for an approach from the street to the stable. When it was so used, the gutter was covered with a plank, in order to make a smooth crossing for vehicles. The use of the premises for a stable had been abandoned years before, and dwellings were erected upon the site. The plank was then removed leaving an open water way, which differed from the rest of the gutter only in the fact that it was for a short distance curbed upon both sides. At the time of the accident, the plaintiff drove up to the place in the early evening, stepped out of his wagon upon the pavement, and intending to go to the rear of the wagon, stepped across the gutter with his left foot, and followed it with his right. A drizzling rain was falling at the time and freezing as it fell, which made the curbstone slippery. Plaintiff failed to notice that the gutter was curbed upon both sides, and did not step far enough to clear it with his right foot, but planted it so near the edge that it slipped from the curb into the gutter in such a way as to catch and become wedged, so that in falling his leg was broken. *Held*, that a nonsuit was properly entered.

Argued Jan. 7, 1903. Appeal, No. 184, Jan. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 1092, refusing to take off nonsuit in case of George R. Mason v. Philadelphia. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Arthur S. Arnold,* with him *Edmund W. Kirby,* for appellant, cited: Nudd v. Lansdowne Boro., 190 Pa. 89; Henry v. Williamsport, 197 Pa. 465; Plymouth Twp. v. Graver, 125 Pa. 24; Monongahela v. Fischer, 111 Pa. 9; Musselman v. Hatfield Boro., 202 Pa. 489; Scranton v. Catterson, 94 Pa. 202; Bruch v. Philadelphia, 181 Pa. 588; Ready v. Shamokin, 137 Pa. 98.

*Thomas D. Finletter,* with him *Joseph P. Rogers* and *John L. Kinsey,* for appellee, cited: Horner v. Philadelphia, 194 Pa. 542; King v. Thompson, 87 Pa. 365; Allegheny v. Zimmerman, 95 Pa. 287; Piollet v. Simmers, 106 Pa. 95; Stackhouse v. Vendig, 166 Pa. 582; Baran v. Reading Iron Co., 202 Pa. 274.

OPINION BY MR. JUSTICE POTTER, March 23, 1903:

The error assigned in this case is the entry of a compulsory nonsuit by the trial judge, and the refusal to take it off.

Plaintiff was injured by slipping into an open gutter, which was formed by two parallel lines of curbing, set about ten inches apart. The inner line was the ordinary curbstone at the edge of the sidewalk. The outer line was so placed as to support the raised grade of the street, at that point, which had there been suitably arranged for a driveway, or entrance from the street into a stable. The method of construction used was an ordinary and usual one, for an approach from the street to a stable. When it was so used, the gutter was covered with a plank, in order to make a smooth crossing for vehicles. The use of the premises for a stable was abandoned years ago, and dwellings were erected upon the site. The reason for maintaining the crossing over the gutter at this particular point then ceased and the plank seems to have been removed, leaving an open water way, which differed from the rest of the gutter along the street, only in the fact that it was for a short distance curbed upon both sides.

The evidence does not indicate that this arrangement was in any way unsafe, or that it constituted a nuisance to the public. It was not at a crossing of the street, but extended only along the front of one or two houses.

At the time of the accident, the plaintiff drove up to the place in the early evening, stepped out of his wagon upon the pavement, and intending to go to the rear of the wagon, stepped across the gutter with his left foot, and followed it with his right. A drizzling rain was falling at the time and freezing as it fell, which made the curbstone slippery. Plaintiff failed to notice that the gutter was curbed upon both sides, and did not step far enough to clear it with his right foot, but planted it so near the edge, that it slipped from the curb into the gutter in such a way as to catch and become wedged, so that in falling his leg was broken.

The facts of the case were undisputed, and the question of negligence was therefore for the court to decide. The trial judge held that the city was not bound to pave the street, or put in curbs in any particular way, and as there was neither allegation nor proof of any negligence in the way in which the curbing and paving was done, he entered a judgment of nonsuit.

We do not find any evidence that there was any need of repair. The only respect in which the gutter at the time of the accident differed from its condition as originally constructed was in the absence of the plank cover, and this was no longer needed to bridge the gutter for crossing purposes, when the property ceased to be used for stabling. That left it simply an open gutter, and as such it remained for years, without any ill consequences, and apparently without protest, or complaint upon the part of anyone. The city had no occasion to anticipate danger to the public from the maintenance of an open gutter at that point. Its right to make use of that form of construction is fully vindicated in Canavan v. Oil City, 183 Pa. 611. The discretion properly exercised by the municipality " is not to be held subject to the verdicts of juries:" Horner v. Philadelphia, 194 Pa. 542.

The streets of a city cannot be maintained at a dead level. There must be some inequalities and offsets here and there. To hold the municipality responsible for missteps or slips by the users of the streets would be to make it an insurer. As was said in King v. Thompson, 87 Pa. 365, " Persons using public streets ought also to exercise some little caution. Without it there is hardly a street . . . . where by reason of some

slight inequality in the pavement, a trifling hole, or a loose stone, the passerby may not fall and sustain injury."

In the present case, the accident was the result of an unfortunate slip by the plaintiff. In consequence of his failure to step entirely across the gutter, he did not secure a good foothold upon the icy edge of the outer curb, and his foot slipped back into the gutter at an angle which wedged it crosswise in the ten-inch space. If he had slipped outwardly from the inner curb, there would have been no suggestion of a right to recover. As it was, he slipped back and inwardly from the outer curb.

We think the learned court below was justified in refusing to take off the nonsuit. The assignments of error are overruled and the judgment is affirmed.