## Dougherty *v.* Philadelphia, Appellant.

210    591
c  35 SC ²314
35 SC  315

*Negligence—Municipalities—Defective inlet—Contributory negligence.*

In an action by a girl fourteen years old to recover damages for personal injuries sustained by falling into an uncovered inlet in a street, several witnesses for plaintiff testified that the cover had been off frequently, from day to day, for a period of several months, and was off on the day of the accident. Witnesses for the city testified that it was in proper order and in place on the day and almost up to the hour of the accident. The accident happened on a dark evening, when plaintiff was assisting her grandmother, a woman of sixty, who used a cane in walking. There was no clear admission by plaintiff that she was not looking where she was going. *Held,* that the questions of plaintiff's contributory negligence and defendant's negligence were for the jury.

Those who use the public highway, especially the streets of a city, are bound to look where they are going, and to make constant and diligent use of their eyes; but the rule is not to be carried so far as that the happening of an accident such as a fall into an open inlet in the dark shall be held of itself conclusive of negligence. Care is required, but it is reasonable care in view of the circumstances.

Argued Jan. 10, 1905. Appeal, No. 190, Jan. T., 1904, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1903, No. 785, on verdict for plaintiff in case of Minnie M. Dougherty by her aunt and next friend, Rose Dougherty, v. Philadelphia. Before Mitchell, C. J., Dean, Fell, Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Carr, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented these points:

2. If the plaintiff had been exercising ordinary care by using her eyes and looking where she was going, the condition of the inlet could not have escaped her notice and the verdict must be for the defendant. *Answer:* That point we refuse. I have already referred to that. It is on the point of contributory negligence, which is dependent upon your finding of that fact under all the circumstances of the case. The fact that she did not look is only one fact to be considered with all the other facts.

3. There was neither actual nor constructive notice to the city of Philadelphia under the circumstances of this case, and the verdict must be for the defendant. *Answer :* That point is refused. I have already spoken of what would be constructive notice. Constructive notice is a fact for you to find what is a reasonable length of time from which the city should find, or be bound with having received notice, if you believe that the condition of this inlet was out of repair for weeks. [2]

5. Under all the evidence the verdict must be for the defendant. *Answer :* That is refused. [3]

Verdict for plaintiff for $5,500 upon which judgment was entered for $4,000 all above that amount having been remitted.

*Errors assigned* were (1–3) above instructions, quoting them.

*Richard Salinger,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellant.

*J. Morris Yeakle,* for appellee.

PER CURIAM, February 13, 1905 :

The testimony as to the condition of the inlet was unusually conflicting even for this class of cases. Several witnesses said that the cover had been off frequently, from day to day, for a period of several months and was off on the day of the accident. Other witnesses testified that it was in proper order and in place on the day and almost up to the hour of the accident. The questions, therefore, whether it was out of order and if so how long, as bearing on constructive notice and the city's negligence were necessarily for the jury.

On the question of plaintiff's contributory negligence appellant submitted a point that " If the plaintiff had been exercising ordinary care by using her eyes and looking where she was going, the condition of the inlet could not have escaped her notice and the verdict must be for the defendant." This could not have been affirmed under the evidence. The accident happened at 5:45 P. M. on November 25, and the testimony on the part of the plaintiff was that the gas was not

lighted and it was very dark.  She was a girl, a little under fourteen years of age, and was assisting her grandmother, a woman of sixty who used a cane in walking.

It is argued by appellant that plaintiff admitted on her cross-examination that she was not looking, and that the judge committed an error in saying in answer to the point above quoted " the fact that she did not look is only one fact to be considered with all the other facts."   If there had been a clear admission by plaintiff that she was not looking where she was going, or if the circumstances had shown beyond question that such was the fact, it would have been the duty of the court to hold that she was negligent as matter of law and to enter a nonsuit or direct a verdict for defendant.   Nothing is better settled than that those who use the public highways, especially the streets of a city, are bound to look where they are going and to make constant and diligent use of their eyes: Robb v. Connellsville Boro., 137 Pa. 42 ; Lumis v. Traction Co., 181 Pa. 268; Sickels v. Philadelphia, 209 Pa. 113.   But the rule is not to be carried so far that the happening of an accident of the present kind shall be held of itself conclusive of negligence.   Care is required, but it is reasonable care in view of the circumstances.

While plaintiff did say that she was not looking yet that was only one of several expressions on that subject, and must be taken with its immediate context, as follows :  " Q. Could not you have seen this hole, if you had looked ?  A. No, sir ; there was no light in the lamp-post to see.  It was very dark. Q. It was very dark ?  A. Yes, sir.  Q. You had from the opposite corner to walk over towards it, had you not ?  A. Yes, sir.  Q. When you got within one foot of it, could not you see it then ?  A. No, sir ; I did not see it.  Q. You did not see it.  Could not you have seen it if you had looked ?  A. I was not looking."

This was followed by the resumed examination in chief : " Q. What were you looking at ?  A. I was looking right on ahead.  I was not looking for no hole.  I was not looking for anything in fact, I was looking right on.  Q. When you say you were not looking—he asked you if you could have seen the hole if you were looking, and you said ' I was not looking ' what did you mean ?  A. I was not looking to walk into a

hole. I was walking right on ahead. Q. Were you looking to either side, or up or down, or what? A. (Objected to.) Q. How were you looking; what were you doing? A. I was looking onward. Walking ahead."

There is no such clear admission here as would take the whole question of contributory negligence away from the jury, whose province it is to pass upon doubtful or conflicting expressions. And the charge of the judge that the fact that she did not look was only one fact, to be considered with all the other facts, was in answer to a request for a binding charge that "if plaintiff had been exercising ordinary care by using her eyes and looking where she was going, the condition of the inlet could not have escaped her notice," and in its connection meant no more than that the testimony with the whole circumstances must go to the jury.

Judgment affirmed.