Opinion by
Morrison, J.,
This is an action to recover damages for an injury received by the plaintiff on account of the alleged negligence of the defendant. The plaintiff alleged that on the evening of April 8, 1905, at 7:30 o’clock p. m., she attempted to cross one of the public streets of the city diagonally and not at a regular crossing, and that she stepped into a hole in the pavement which she described as about six inches deep and about two feet or more wide. There is no doubt about the evidence being sufficient to carry the question of the negligence of the defendant to the jury. The contest is in regard to the contributory negligence of the plaintiff. The learned court submitted the case to the jury, on the plaintiff’s evidence, the defendant offering none. The jury returned a verdict in favor of the plaintiff for $1,000. The learned counsel for the defendant having moved, at the close of the trial, for binding instructions in favor .of the defendant, again raised the question by moving for judgment non obstante veredicto, and, upon argument and consideration, the learned court made the rule absolute and entered judgment in favor of defendant non obstante veredicto.
The plaintiff testified that at the time óf the accident, it was twilight; that she could see people across the street. It is quite clear, from all the testimony, that at the time of the accident, it was neither very light nor dark. The plaintiff said: “Q. How were you looking just as you were stepping from the sidewalk into the street? A. I was looking ahead. I always look ahead. I didn’t look down; I generally look ahead. Q. You didn’t look down? A. No, sir. Q. Did you know that you had gotten to the curb? You knew that you were going to step into the street to make the short cut? A. Yes, sir. Q. You stepped into the street? A. Yes, sir. Q. Then what happened? A. I walked about two or three steps and then I fell into the hole. Q. Were you still looking ahead? A. I was still looking ahead until I went in, and then it threw me down. Q. Can you recall how you were looking before you did step in? A. Just looking ahead the same *313 as anybody else. Q. Did you or did you not look down at the street? A. I didn’t look down at the street.” Again the plaintiff testified in answer to an interrogation by her counsel: “ A. I was looking ahead like this (indicating). I wasn’t looking down. If I had been looking down this way (indicating), I could have seen the hole and would not have stepped into it, but I was looking ahead the same as anybody; walking along looking ahead of me. Q. You were not looking down in front of you? A. No, sir.”
We have, then, the plain case of a woman crossing a public street, at twilight, walking into a depression in the pavement and falling, while looldng ahead and not looking at the pavement. She puts the matter beyond all question of doubt by saying and repeating that she did not look down at the pavement. She also disposes of the question of how dark it was by distinctly saying that she could see people across the street and that if she had looked down, she could have seen the hole and would not have stepped into it. This is the substance of her own testimony and there is nothing in the case to contradict or qualify it.
In our opinion, this convicts her of contributory negligence and warranted the court below in entering judgment against her non obstante veredicto.
In Robb v. Connellsville Borough, 137 Pa. 42, the Supreme Court, by Mr. Justice Mitchell, said: “That the reasonable care which the law exacts of all persons in whatever they do involving risk of injury, requires travelers, when on the foot-ways of public streets, to look where they are going, is a proposition so plain, that it has not often called for formal adjudication.” In that case the plaintiff testified: “I just stumped my toe, and fell. I stumped my toe on something like a board step I thought. ... I was just walking along and went to step, and didn’t step high enough, and away I went. I just stepped as I was stepping along, as I always did as I was walking along. ... I could have seen it; it was light enough forme to have seen it, if I had known it was there, but I didn’t know it was there. I didn’t pay any attention to the pavement. . . . Wasn’t looking or thinking of anything; only walking along.”
*314 Upon this testimony the Supreme Court held that she could not recover on account of her own contributory negligence. If that case and the one at bar, in principle, materially differ, we are unable to see the distinction. The plaintiff knew she was crossing a public street, not at a usual crossing, and she was bound to use due care in the circumstances. She says she did not look at the pavement, and this was negligence: Decker v. East Washington Borough, 21 Pa. Superior Ct. 211; Easton v. Philadelphia, 26 Pa. Superior Ct. 517. The latter was a daylight case, but it applies with force to the case at bar, because the plaintiff in it says if she had looked, she could have seen the hole and would not have stepped into it.
In Sickels v. Philadelphia, 209 Pa. 113, the Supreme Court, in an opinion by Mr. Justice Brown, said: “In walking eastward she stepped on this slippery ridge, fell and was injured. On the ground of her contributory negligence the trial judge directed the entry of a nonsuit, saying: 'This accident happened in broad daylight; there was nothing at all to interfere with the •plaintiff’s seeing precisely where she was going. Every pedestrian using the streets of Philadelphia is obliged to use his eyes for his own protection. The plaintiff did not do that and is •therefore nonsuited.’ ’ ’
The Supreme Court affirmed that judgment and the case does ■not differ materially from the present one, because the plaintiff says she could have seen the hole if she had looked.
In Dougherty v. Philadelphia, 210 Pa. 591, cited by both sides in the present controversy, the case was held to be for the jury, because: “The accident happened at 5:45 p. m. on November 25, and the testimony on the part of the plaintiff was that the gas was not lighted and it was very dark. She was a girl, a little under fourteen years of age, and was assisting her grandmother, a woman of sixty, who used a cane in walking.” In these circumstances she fell into an inlet in a street, and she was allowed to recover. But the Supreme Court said: “If there had been a clear admission by plaintiff that she was not looking where she was going, or if the circumstances had shown beyond question that such was the fact, it would have been the duty of the court to hold that she was negligent as matter of law, and *315 to enter a nonsuit or direct a verdict for defendant. Nothing is better settled than that those who use the public highways, especially the streets of the city, are bound to look where they are going and to make constant and diligent use of their eyes.”
McIlhenney v. Philadelphia, 214 Pa. 44, is another case closely in point where the court below and the Supreme Court refused to allow a woman to recover damages for an injury received on a public street caused by tripping over the curbstone which projected two or three inches above the pavement. She was non-suited because she was inattentive and heedless and did not know where she was looking at the time of the accident.
The industrious counsel for the appellant has cited nine cases which he contends convicts the court below of error. We have examined those cases and each one of them, on its facts, differs from the case at bar, and, taken singly and altogether, they do not convince us that the court erred in entering judgment against the plaintiff in the case at bar.
As cited, his first case is Dougherty v. Philadelphia, 210 Pa. 591, which we have already noticed. The next is Bruch v. Philadelphia, 181 Pa. 588, which was a case of falling into a hole in a defective sidewalk, at night, and it seems that there was ah electric light under an awning which so dazzled the eyes of the traveler that he could not see clearly in front of him, and especially could not see the pavement.
The next case is Gillard v. City of Chester, 212 Pa. 338: there the plaintiff fell on the curb of a sidewalk into the cartway of the street on a very dark night, and the street was not lighted at that point.
Miller v. Lewiston Electric Light, Heat and Power Co., 212 Pa. 593, is a case that was allowed to go to a jury, but its facts are somewhat complicated and the plaintiff’s alleged contributory negligence was not at all clear.
Rowland v. Philadelphia, 202 Pa. 50, is a case in which a woman was going over a public crossing in the nighttime and fell over a stake protruding six inches above the ground. The stake had been left there by the city surveyor to show the line of a sewer.
Johnson v. Philadelphia, 208 Pa. 182, was held to be for the *316 jury where a woman fell into a hole in the sidewalk on a dark night, and plaintiff testified that she was entirely ignorant of the condition of the sidewalk.
Kirchner v. Smith, 207 Pa. 431, was allowed to go to the jury where the plaintiff fell into a hole in a grating in a sidewalk, near the front steps of a house, on a dark, rainy night.
Nudd v. Lansdowne Borough, 190 Pa. 89, is a case where a woman fell into a hole in a highway on a dark night and the electric light, of a defective character, near the hole, was not burning at the time of the accident.
Henry v. Williamsport, 197 Pa. 465, is where a woman fell on a defective sidewalk in the nighttime.
McHugh v. Kerr, 208 Pa. 225, is a case where the plaintiff fell into a cellarway under circumstances that required that the defendant’s negligence and plaintiff’s contributory negligence be passed on by a jury.
Glading v. Philadelphia, 202 Pa. 324, is where a woman fell into a hole in a sidewalk which had been there for about six months and at the time of the accident was filled with dust and sweepings, and the plaintiff knew nothing of the hole and she was walking as persons ordinarily walk in a crowded street. The fact that the hole was filled with dust and sweepings would carry the question of whether she ought to have seen it or not to the jury.
Iseminger v. York Haven Water and Power Co., 206 Pa. 591, was held to be a case for the jury, but the facts differ materially from those of the case in hand. But that case holds: “We are not disposed to relax the rule, repeatedly stated, that persons walking on city streets are bound to use their eyes and watch where they are going, and that failure to do this will defeat a recovery for injuries that could have been avoided by the exercise of this reasonable care.”
Not being convinced that the court erred, we dismiss the assignment of error and affirm the judgment.