## Pugh v. Borough of Springdale, Appellant.

*Negligence—Boroughs—Sidewalks in country towns—Constructive notice.*

1. Irregularities in a sidewalk which might be negligence in a crowded thoroughfare in a city might not be negligence in a street of a country town, and in an action against a borough to recover damages for personal injuries alleged to have been caused by a defective sidewalk, it is not error for the court to instruct the jury that the defendant must exercise such care "as would ordinarily be exercised in country towns such as this one was."

2. In an action against a borough to recover damages for personal injuries alleged to have been caused by a defect in a sidewalk, the case is for the jury and a verdict for the plaintiff will be sustained where plaintiff's evidence tended to show that the defect consisted of a rut four or five inches deep and from four to seven inches in width extending across a cinder pavement, that it had existed for several months, and that the accident happened on a dark night; and there was no evidence which would justify a finding that the plaintiff was not using due care at the time the accident occurred.

Argued October 22, 1912. Appeal, No. 93, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., May T., 1909, No. 882, on verdict for plaintiff in case of Belle A. Pugh v. The Borough of Springdale. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,623. A motion for judgment n. o. v. was subsequently overruled. Defendant appealed.

*Error assigned* was in overruling the motion for judgment for defendant n. o. v.

*Nelson McVicar,* of *Kennedy, McVicar & Hazlett,* for appellant.—The case should have been withdrawn from

the jury: Reed v. Tarentum Borough, 213 Pa. 357; King v. Thompson, 87 Pa. 365; Horner v. Philadelphia, 194 Pa. .542; Wright v. Lancaster, 203 Pa. 276; Mason v. Philadelphia, 205 Pa. 177; Beck v. Germantown Cricket Club, 37 Pa. Superior Ct. 521; Kelchner v. Nanticoke Borough, 209 Pa. 412; Clifton v. Philadelphia, 217 Pa. 102.

*S. G. Porter,* with him *L. K. Porter,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

This is an action of trespass to recover damages for injuries which the plaintiff alleges she sustained by falling on a defective pavement in the defendant borough. She claims that as she was walking to her home on the evening of August 13, 1908, she stepped into a rut or depression on the sidewalk and injured her foot. The rut, according to her evidence, extended across a cinder pavement and was four or five inches deep, was from five to seven inches in width, and had existed for several months. The learned court submitted the case to the jury in a charge to which no exception was taken and a verdict was rendered for the plaintiff. The defendant has appealed from the judgment entered on the verdict.

The errors alleged are in overruling defendant's motion for judgment non obstante veredicto and in entering judgment on the verdict in favor of the plaintiff.

The plaintiff claims that her injuries resulted from the failure of the defendant borough to keep the sidewalk in proper repair. She introduced evidence tending to show the size and character of the rut in the walk, that the street was the only one she could use in going to her home, that the cartway of the street was in a bad condition and not suitable for use by pedestrians, that the night she was injured was very dark, that there were no street lights which afforded her any assistance in seeing her way and that she was exercising care in traveling on the walk at the time she was injured.

Under the facts the case was clearly for the jury to determine whether the defendant had exercised proper care in maintaining the pavement in a reasonably safe condition, and whether the plaintiff was guilty of negligence in using the pavement which contributed to her injuries. The learned judge submitted both questions in a charge which clearly defined the duties of the defendant and the plaintiff under the circumstances. He told the jury that in determining whether the sidewalk was kept in proper repair they should take into consideration that it was in a country village having no generally improved streets or sidewalks, that the character of the work done on the streets and sidewalks was to some extent temporary, that there was no general system of improvement, that any slight irregularities in the surface of the walk would not necessarily be negligence and that irregularities in the sidewalk which might be negligence in a crowded thoroughfare of a city might not be negligence in the street of a borough like the defendant. The learned judge then charged as follows: "If, however, there was a dangerous place in the sidewalk, a situation which, with the exercise of the ordinary care which is expected of the officials of a borough such as this one, they should have known was dangerous, and the borough officials permitted it to remain there for any considerable length of time—for a time in which, with the exercise of the usual care which in a borough such as this one was, we would be reasonably entitled to expect, they should have discovered the condition of the sidewalk and in which it should have been repaired, the failure to repair that would be negligence on the part of the borough. Now that is the situation, so far as this borough was concerned, in its duty in keeping in repair its streets and sidewalks. It was only to exercise such care as would ordinarily be exercised in country towns such as this one was." The learned judge then submitted the question of the plain-

tiff's negligence to the jury and directed attention to the evidence which bore on the subject.

We think the plaintiff met the burden imposed upon her and submitted evidence which warranted the jury, under the instruction of the court, in finding that the defendant had not exercised care to keep the sidewalk in a reasonably safe condition. That was the important question in the case, as there was no evidence which would have justified a finding that she was not using due care at the time the accident occurred. It will be observed that the learned court explicitly instructed the jury that the care required to be exercised by the defendant in maintaining the pavement in a safe condition was such "as would ordinarily be exercised in country towns such as this one was." This was the proper standard, as held in all our cases, and the evidence justified a finding that it had not been maintained. In fact, the learned counsel for the defendant very frankly and properly said to the court in making an offer of evidence that they did not propose to prove that the condition of the sidewalk as described by the plaintiff was the ordinary condition of the sidewalks in this and other similar boroughs. The plaintiff having offered evidence from which the jury could find that the rut or depression in the pavement made it unsafe and dangerous for use by pedestrians she was not required to go further and show that the other pavements in that borough and the pavements in similar boroughs were not in an equally dangerous and unsafe condition. If such defective pavements were common to that and similar boroughs, it was a defense to the action which the defendant was required to meet by proper evidence. This, as we have seen, it did not propose to do.

The assignments of error are overruled and the judgment is affirmed.