## Shafer v. Philadelphia, Appellant.

*Negligence—Municipalities—Sidewalk—Depression in sidewalk.*
Where a woman steps into a depression in the sidewalk of a city
street during a dark night and in a locality with which she is not
familiar, and is injured, she may recover damages from the city
by proof, that she fell at a point where a driveway to a garage
crossed the sidewalk; that the difference in the levels of the side-
walk and driveway was between three and four inches, and that
there was no ordinance regulating the construction of such a drive-
way.

Argued Dec. 4, 1914.   Appeal; No. 205, Oct. T., 1914,
by defendant, from judgment of C. P. No. 2, Philadelphia
Co., March T., 1913, No. 3447, on verdict for plaintiff in
case of Harry B. Shafer and Mary Shafer, his wife, v.
Philadelphia.   Before RICE, P. J., ORLADY, HEAD, KEP-
HART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before STAPLES, P. J., specially presiding.

The circumstances of the accident are stated in the
opinion of the Superior Court.

Verdict and judgment for Harry B. Shafer for $225,
and for Mary Shafer for $500.   Defendant appealed.

*Error assigned* was in refusing binding instructions
for defendant.

*M. J. McEnery,* Assistant City Solicitor, with him
*Michael J. Ryan,* City Solicitor, for appellant, cited:
Mason v. Philadelphia, 205 Pa. 177; Eisenbrey v. Phila-
delphia, 19 Philadelphia 504.

*Thomas H. McCaffrey,* for appellees, cited: Gschwend
Borough, 238 Pa. 361; Gillard v. Chester, 212 Pa. 338;
v. Millvale Borough, 159 Pa. 257; Pugh v. Springdale

Bassett v. Easton, 200 Pa. 514; Musselman v. Hatfield Borough, 202 Pa. 489; Bruch v. Philadelphia, 181 Pa. 588; Goff v. Philadelphia, 241 Pa. 172; Henry v. Williamsport, 197 Pa. 465; McLaughlin v. Kelly, 230 Pa. 251; Beloud v. Sayre, 56 Pa. Superior Ct. 215.

OPINION BY TREXLER, J., July 21, 1915:

The questions involved in this case were properly submitted to the jury by the learned trial judge in a fair and adequate charge and the verdict for the plaintiff should not be disturbed.

The accident which is the basis of plaintiff's claim occurred at half past eleven o'clock in the evening of a dark night as plaintiff was returning home from the theater. When she came to the driveway which crossed the pavement and afforded access to a garage, she fell into the depression caused by the difference in the levels of the pavement and driveway, a difference in grade of three or four inches. It was very dark at the location at which the accident occurred. There was a street lamp burning dimly some distance away, but a trolley pole cast a shadow on the place. Plaintiff had resided in the city about two weeks, and had never used the pavement immediately in front of the garage but had used the pavement on the opposite side of the street two or three times. There was no ordinance regulating the construction of such driveways. An ordinance prescribed the grades of pavements and the descent of the same from the property line to the curb, but made no reference to driveways in this regard.

Under these circumstances, we do not think the court should have decided as a matter of law that the city was free from negligence. Counsel for the appellant relies upon two cases: Mason v. Philadelphia, 205 Pa. 177, and Eisenbrey v. Philadelphia, 19 Philadelphia 504, these being the only cases cited in his brief. In the Mason case, the plaintiff being in the street made a misstep and fell into the gutter which was curbed on both sides.

There was no street crossing where he fell. The court held that the streets of a municipality could not be maintained on a dead level and that there must be some inequalities and offsets here and there and that the municipality could not be held responsible for missteps or slips by the users of the streets. The case of Eisenbrey v. Philadelphia has no application. The injury in that case arose by reason of a gate in the fence alongside the pavement being violently slammed against a pedestrian by a third person. We find nothing in the above cases nor in any others that holds that a depression of three or four inches is such a slight inequality as would not suffice to sustain a recovery. Common experience would also tell us that what might be regarded as a slight inequality in a gutter or street might be quite a serious defect in a pavement. In Gschwend v. Millvale Boro., 159 Pa. 257, the hole in a cinder walk was four inches deep. In Pugh v. Springdale, 238 Pa. 361, the depression was four or five inches deep. In Gillard v. City of Chester, 212 Pa. 338, the inequality amounted to three and one-half or four inches. In all these cases the verdicts for plaintiffs were sustained. In the same line of cases are Bassett v. Easton, 200 Pa. 514; Musselman v. Hatfield Boro., 202 Pa. 489; Bruch v. Philadelphia, 181 Pa. 588; Goff v. Philadelphia, 214 Pa. 172; Henry v. Williamsport, 197 Pa. 465; Beloud v. Sayre, 56 Pa. Superior Ct. 215. What particular shallowness of depression in a sidewalk or street forms such a slight inequality in the surface, as to excuse its presence and release the city of liability therefor cannot be definitely stated. Each case must necessarily be determined by the surrounding circumstances and generally the matter must be left to the jury. In this case the pavement to its entire width was open for public travel and it was the duty of the city to see that it was maintained in a reasonably safe condition, in such a condition as to render it safe to the traveler exercising ordinary care. Whether the accident is caused by a temporary condition or by a per-

manent construction will make no difference as to the liability of the city except as to the question of notice, which is not present in this case. As stated before we think the matter of plaintiff's contributory negligence and the city's lack of care were properly left to the jury.

Judgment affirmed.