195    134
26 SC 185
j  26 SC 186

## Ella Kellow *v.* City of Scranton, Appellant.

*Negligence—Municipalities—Defective sidewalk.*

A municipality had notice of a decided depression in the level surface of the pavement of a street and failed to repair it, and the plaintiff having fallen and been injured while walking along the pavement, by reason of stepping into the depression, at that time concealed by snow and slush, she was entitled to recover, there being no sufficient evidence of contributory negligence.

Argued Feb. 21, 1900. Appeal, No. 394, Jan. T., 1900, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1897, No. 15, overruling exceptions to referee's report. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.

The case was referred to M. J. Martin, Esq., as referee, who found the facts to be as follows:

### FINDINGS OF FACTS.

1. Ella Kellow, the plaintiff in this case, while walking on the stone sidewalk of West Lackawanna avenue, one of the principal thoroughfares of the city of Scranton, on March 5, 1897, fell and sustained injuries by reason of such fall, the nature and character of which are more particularly stated in paragraph two.

2. In falling to the ground, she struck on her left hip and head, and was rendered unconscious, remaining unconscious for several hours after the accident, and receiving a severe and permanent injury to the left hip, causing such intense pain at the

time as to render examinations impossible without the aid of anæsthetics, and causing her to be confined to the bed for the period of about six months after the accident, and leaving her permanently slightly lame as she walks.

3. There was a depression in the sidewalk at the place of the accident about six inches deep, below the average surface of the walk, where two flags joined and separated in the depression, forming thereby the shape of the letter " V ; " the flags of part of this " V " were below the average surface of the walk at the upper end or easterly side, at the westerly side it was above the average surface of the walk; there was a drop in the center throwing the flags up at the edge and thereby causing an obstruction.

4. The defendant city was notified of this defect in the sidewalk about a month before the accident by J. G. Brill, who was at that time foreman of the street department of the city of Scranton, by giving notice to the street commissioner, and urging him to repair the same.

5. That this defect was not repaired until the next day after the accident, when the street commissioner sent some men to this place and had the sidewalk put in good order.

6. About two months prior to the accident the plaintiff passed over this same place on the sidewalk and noticed that one flag was higher than the other, but had not been over it between that time and the morning of the accident, and on the morning of the accident, she says, she did not know there was any defect in the sidewalk until she stepped into the depression and was thrown to the ground.

7. On the morning of the accident it was raining and sleeting so that the streets were covered with slush and snow, rendering it impossible to see this depression unless one had knowledge immediately prior of this depression being there, and had it in mind at the time.   At the time of the accident the plaintiff was carrying an umbrella in one hand to shield her from the storm, and carrying her husband's dinner pail in the other.

8. West Lackawanna avenue, the street on which the accident happened, was one of the streets along the usual and ordinary course for the plaintiff to take in going from her house to the place where her husband worked, to take his dinner pail to him, which she was doing at the time of the accident.

The referee found in favor of the plaintiff for $2,000.

Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to referee's report.

*A. A. Vosburg*, city solicitor, with him *David J. Davis*, assistant city solicitor, for appellant.—In order to render a municipality liable for an accident happening on the highway, it must appear that the defect in the way was the sole cause of the injury: Aldrich v. Gorham, 77 Me. 287; Searles v. Ry. Co., 101 N. Y. 661; Moore v. Abbot, 32 Me. 46; Alexander v. New Castle, 115 Ind. 51; Grant v. R. R. Co., 133 N. Y. 657; Parker v. Cohoes, 74 N. Y. 610; Burns v. Bradford, 137 Pa. 361; Storrs v. Utica, 17 N. Y. 104.

Mere slipperiness will not give rise to liability: Jones on Neg. Munic. Corp. p. 200; Henkes v. Minneapolis, 42 Minn. 530; Mauch Chunk v. Kline, 100 Pa. 119; Kinney v. Troy, 108 N. Y. 567.

*John F. Murphy*, with him *I. H. Burns*, for appellee.—Persons walking on the pavements of a large city are not bound to exercise extraordinary care. They have the right to assume that the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them: Bruch v. Philadelphia, 181 Pa. 588; Stokes v. Township of Ralpho, 187 Pa. 333; Mill Creek Twp. v. Perry, 20 W. N. C. 359; Kingston Twp. v. Gibbons, 18 W. N. C. 334.

PER CURIAM, March 12, 1900:

That there was a decided depression in the level surface of the pavement of which the city had notice but failed to repair, and that it was concealed by the snow and slush which prevailed at the moment of the accident, were palpable facts as to which there was no dispute. It was certainly a proper question of fact under all the testimony whether the plaintiff fell upon stepping into the depression of the surface, and the referee has found that she did. There was no evidence which would suffice to sustain a charge of contributory negligence. The assignments of error are dismissed.

Judgment affirmed.