## Kauffman *v.* Harrisburg, Appellant.

*Negligence—Municipalities—Defective sidewalk—Case for jury.*

In an action by a husband and wife against a city to recover damages for personal injuries sustained by the wife on a defective sidewalk, the case is for the jury where the evidence for the plaintiffs tends to show that at the point where the accident occurred a telephone pole stood in the sidewalk with a space between it and the curb on one side, and a space between it and the fence on the other; that a depression in the sidewalk began a foot or ten inches from the outside of the pole, and extended to and around the pole, and from the pole to the fence in which water had collected and ice formed, which was covered at the time of the

accident with a slight fall of snow; that the depression had existed for considerable time; that the wife attempted to pass around the pole on the lower side, and slipped in the depression in the sidewalk between the pole and the gutter.

Argued June 2, 1902.   Appeal, No. 1, May T., 1902, by defendant, from judgment of C. P. Dauphin Co., June T., 1900, No. 435, on verdict for plaintiff in case of Sarah A. Kauffman and S. J. Kauffman v. Harrisburg.   Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass by husband and wife to recover damages for personal injuries.   Before SIMONTON, P. J.

The injuries were received by the wife who, it was alleged, died as the result of them, after suit brought.   The record was amended and the suit proceeded in the name of the husband alone.

The depression in the pavement where the woman fell was filled with water upon which ice had formed; it was covered with a slight fall of snow.   The depression had existed for a considerable time.

The remaining facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,925.   Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Daniel S. Seitz*, city solicitor, for appellant.

*Hargest & Hargest*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 13, 1902:

The negligence here charged was failure to keep the pavement in proper repair.   It is claimed that at the point where the accident occurred, the ground had settled, and the bricks had sunk, forming a depression in which at the time water had collected, and upon which ice had formed.

The first assignment of error complains of the rejection of

evidence to show previous knowledge by the plaintiff, of the depression in the sidewalk. The injury was to the wife, and the testimony was rejected on the ground that she was not chargeable with his knowledge. But however that may be, no harm resulted to the defendant from this ruling, for the desired information was drawn out by the very next question, which was presented in a different form and fully answered without objection. The first assignment is dismissed.

It is further urged that the trial court erred in the general charge, in assuming and stating to the jury that negligence upon the part of the defendant was admitted. In the absence of anything upon the record to show otherwise, we must assume that the court was correct in this respect. The stenographer's notes of the remarks made by defendant's counsel, in supporting his motion for a compulsory nonsuit, seem to fully corroborate the statement that negligence was admitted.

In the argument for appellant, counsel admits that he did argue to the jury that it made no difference whether the condition of the sidewalk at the point where the telephone pole was erected, was dangerous or not. But the court expressly charged the jury that the mere fact of the telephone pole being there gave no ground for recovery, and restricted the jury to the question of negligence in the care of the sidewalk.

The testimony as to the precise spot where the accident occurred is not so clear as might be desired, but there is evidence that plaintiff's wife fell just as she was starting around the outside of this pole. The plaintiff testifies that the pole stood in the sidewalk, with a space between it and the curb on the one side, and a space between it and the fence on the other; that the depression in the sidewalk began a foot or ten inches from the outside of the pole, and extended to and around the pole, and from the pole to the fence; and that his wife attempted to pass around the pole on the lower side, and slipped in the depression in the sidewalk between the pole and the gutter.

Under the evidence the case was necessarily for the jury.

The assignments of error are overruled and the judgment is affirmed.