# Iseminger v. York Haven Water & Power Company, Appellant.

*Negligence—Sidewalk—Hole in sidewalk—Contributory negligence—Province of court and jury.*

In an action against a water company to recover damages for personal injuries, it appeared that the plaintiff, a woman, was injured by falling into a hole twenty-four inches in diameter and six feet deep that had been dug in the pavement of a city street by direction of the defendant. The hole was located almost directly in front of steps that led to the office of a cold storage house, and twenty inches of its diameter were in the sidewalk. In digging the dirt had been thrown into the street and there was nothing on the surface of the pavement to indicate that the hole was there. It was dug in the morning and left unguarded; the accident occurred in the middle of the afternoon. At this part of the street the distance between the curb and the building line was ten feet, but of this space only four feet nearest the curb line were paved. On the remaining space was a grass plot extending from the west end of the storage house to the office steps, crossed near the middle by a walk leading from the pavement to the engine room. The plaintiff and another woman went together to the storage house on business. They came on the street by way of an alley at the west end of the building, but turned to the east before they reached the pavement and walked on the grass plot to the engine room door. They saw the engineer sitting on the office steps, and walked on to the end of the plot to the paved way leading from the steps to the pavement. Here they stood a short time facing the building and talking to the engineer. Then they turned to the right to go further east on the pavement. In turning the plaintiff took one step backward and sideways, and fell into the hole. Both women wore sunbonnets, which obstructed a side view. Neither of them had seen the hole, nor anything that would indicate that the pavement was unsafe. *Held,* that it was for the jury to say whether the plaintiff was guilty of contributory negligence in taking the step backward without first looking behind her.

*Evidence—Carlisle Table—Charge.*

A trial judge sufficiently instructs the jury as to the weight to be given to the Carlisle Tables when he says that the result set forth in the table is not to be taken as a fact in the case, but only as an aid in arriving at what might be the continuation of life, and that the duration of life depends largely upon the condition of health, habits and conduct of the person.

Argued May 18, 1904. Appeal, No. 26, Jan. T., 1904, by defendant, from judgment of C. P. York Co., Aug. T., 1902, No. 117, on verdict for plaintiff in case of Almira F. Iseminger and Charles E. Iseminger v. York Haven Water & Power Company. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before BITTENGER, P. J.

For the facts see Iseminger v. York Haven Water & Power Company, 206 Pa. 591.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiffs for $5,835.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant, and in admitting in evidence the Carlisle Tables.

*Henry C. Niles,* of *Niles & Neff,* and *Nevin M. Wanner,* for appellant.

*Charles A. Hawkins,* of *Black & Hawkins,* with him *W. B. Gemmill,* for appellees.

OPINION BY MR. JUSTICE POTTER, October 10, 1904:

When this case was here before, as reported in 206 Pa. 591, we were of the opinion that under the particular state of facts connected with the accident, the question of the contributory negligence of the plaintiff was not to be determined by the court as matter of law, but that it should be left to the jury.

Under the first five assignments of error here presented, the defendant company now urges that the trial judge should have held, as matter of law, that the failure of the plaintiff to see and avoid the hole in the sidewalk into which she stepped made her guilty of contributory negligence.

We feel now, as we did when the case was under consideration before, that the question is a close one.   But a careful examination of the evidence has not shown any material change in the facts upon which our former conclusion was based.   As our Brother FELL then said, " We are not disposed to relax the rule, repeatedly stated, that persons walking on city streets are bound to use their eyes, and watch where they are going, and that failure to do this will defeat a recovery for injuries that could have been avoided by the exercise of this reasonable care."   But we are not yet convinced that the trial judge should have taken the responsibility of saying that the plaintiff was negligent in failing to see and avoid the hole in the sidewalk,

into which she fell.  There is much in the evidence upon which
to base strong argument to the jury that she. was negligent,
but not enough, we think, to justify the court in withdrawing
this question from the jury.  There was a pile of earth and
loose bricks and a pole in the street, and these objects might
well have warned any one walking towards them in the street;
but the only danger to which one walking upon the sidewalk
was exposed was the hole, extending twenty inches within the
curb.  Plaintiff was not even walking directly along the side-
walk, but had come along the grass plot to the vicinity of the
excavation, before stepping upon the pavement, and had there
stopped with her companion to talk to a third person.

There was evidence to show that plaintiff was looking to-
wards the person with whom she was talking, and had her at-
tention distracted by the conversation, and that in leaving the
spot she stepped backward into the hole, which she said she
had not seen.  As was said in the former opinion, " the excep-
tional facts may make the case a close one, and place it near
the border line, but as there was at least a doubt whether the
plaintiff exercised ordinary care under the circumstances, the
question was for the jury."  These assignments are therefore
overruled.

Complaint is also made in the sixth assignment of error that
the Carlisle Tables of mortality were admitted against the ob-
jection of the defendant, to prove the expectancy of life upon
the part of the wife.  But the jury were not left to infer that
the plaintiff's expectancy of life was definitely established by
the tables.  On the contrary, the trial judge in his charge told
the jury that the result set forth in the table was not to be
taken as a fact in this case, but only as an aid in arriving at
what might be the continuation of life of the plaintiff.  At-
tention was called to the absolute uncertainty of life, and the
fact that in any event the duration of her life would depend
largely upon her condition of health and upon her habits and
her conduct.  It is true that the introduction of mortality
tables as evidence is liable to abuse unless carefully guarded
by the court, owing to the tendency to give to them too much
weight, without taking into account the particular circum-
stances of the individual case.  The care which should be ex-
ercised by the court in admitting such evidence was clearly

618 ISEMINGER v. YORK HAVEN W. & P. CO., Appellant.

pointed out in Kerrigan v. Penna. R. R. Co., 194 Pa. 98. In the present case, we think the instructions given by the court to the jury, as to the weight to be given to the tables, were adequate. The sixth assignment of error is therefore overruled, and the judgment is affirmed.