# Farrell v. Plymouth Borough, Appellant.

*Negligence—Sidewalk—Contributory negligence—Question for jury.*

In an action against a borough to recover damages for personal injuries caused by a fall into a hole in a sidewalk upon a street in the built-up part of the borough, it appeared that the sidewalk had originally been paved up to the fence line, but the municipal authorities had required the property owners to move the fence back about two feet, which left within the lines of the new sidewalk space a strip about two feet wide depressed to considerable depth below the general level of the sidewalk. This space had partially been filled in, with cinders and other materials, but at the point where the plaintiff was injured there had been suffered to remain for over a year a depression about eight inches deep which extended into the sidewalk a distance of two feet. The plaintiff was walking along the street leading her child, snow had recently fallen to a considerable depth and a narrow path had been beaten down through the snow by pedestrians. The plaintiff permitted the child which she was leading by the hand to walk in the track beaten through the snow, she herself walking on the sidewalk by the side of the path. The drifting snow had filled up and thus concealed from view the depression in the sidewalk, and the plaintiff stepped into it, fell and was injured. *Held* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 14, 1904. Appeal, No. 29, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1900, No. 148, on verdict for plaintiff in case of Kate Farrell v. Plymouth Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHEATON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*R. R. Vanhorn* and *John McGahren*, for appellant, cited: Mason v. Phila., 205 Pa. 177; Canavan v. Oil City, 183 Pa. 611; Easton v. Neff, 102 Pa. 474; Stackhouse v. Vendig & Co., 166 Pa. 582; Robb v. Connellsville Borough, 137 Pa. 42; Hentz v. Borough of Somerset, 2 Pa. Superior Ct. 225; Decker v. Washington Borough, 31 Pa. Superior Ct. 211.

*M. J. Mulhall*, for appellee, cited: Burrell Twp. v. Uncapher, 117 Pa. 353; Fritsch v. Allegheny, 91 Pa. 226; Monongahela City v. Fischer, 111 Pa. 9; Warne v. Nanticoke, 106 Pa. 373; Readdy v. Shamokin Borough, 137 Pa. 92; Merriman v. Phillipsburg Borough, 158 Pa. 78; Rick v. City of Wilkes-Barre, 9 Pa. Superior Ct. 399; Kauffman v. Harrisburg, 204 Pa. 26.

OPINION BY PORTER, J., October 17, 1904:

The plaintiff brought this action to recover damages for injuries alleged to have been suffered through a fall caused by her stepping into a hole in the sidewalk upon a street in the built-up part of the defendant borough. The sidewalk had originally been paved up to the fence line, but the municipal authorities had required the property owners to move the fence back about two feet, which left within the lines of the new sidewalk space a strip about two feet wide depressed to considerable depth below the general level of the sidewalk. This space had been partially filled in, with cinders and other materials, but at the point where the plaintiff was injured there had been suffered to remain for over a year a depression about eight inches deep which extended into the sidewalk a distance of two feet. The plaintiff was walking along the street leading her child, snow had recently fallen to a considerable depth and a narrow path had been beaten down through the snow by pedestrians. The plaintiff permitted the child which she was leading by the hand to walk in the track beaten through the snow, she herself walking on the sidewalk by the side of said

path.    The drifting snow had filled up and thus concealed from view the depression in the sidewalk, and the plaintiff stepped into it, fell and was injured.    The defect in the sidewalk was not at a street intersection, and the evidence was of such a character as to justify a finding that there was nothing upon the ground to indicate to plaintiff the danger which threatened those using the sidewalk, the depression being filled with snow. The character of the defect and the long period during which it had been permitted to remain in the sidewalk were sufficient to justify a finding of negligence on the part of the borough. The circumstances were not such as to warrant the court in declaring as matter of law that the plaintiff was guilty of contributory negligence, and the case was for the jury : Kellow v. Scranton, 195 Pa. 134; Kauffman v. Harrisburg, 204 Pa. 26.

The judgment is affirmed.

MORRISON, J., dissenting :

After a most careful examination of the evidence in this case, I find myself unable to agree with the majority of the court that there was sufficient evidence to justify a finding of negligence on the part of the borough.    In addition to this, I think the evidence clearly establishes contributory negligence on the part of the plaintiff.    The declaration alleges a defect in the street.    The evidence does not show any defect in the paved portion of the street, nor, as I understand it, does it show any defect in the sidewalk or footway, provided for pedestrians.    The distance from the curb to the fence, along the street line, was ten feet.    From the curb to the inner edge of the flagstone walk was two feet, and the walk was six feet wide, thus leaving a space between the outer edge of the sidewalk and the line fence of two feet.

The undisputed evidence is that the two feet space between the curb and the stone walk was smooth and level with the walk, thus giving practically a smooth and safe footway eight feet wide.    At the place where the plaintiff was injured a foot walk about two feet wide led through the gate from the house of Mrs. Lyons and it joined the walk in question, at right angles, from five to eight inches lower than the borough flagstone walk.    The plaintiff alleges that she was walking along the borough walk and stepped off and fell at the point where

the two walks come together, and that the fall fractured her kneepan.

It seems very plain that the two foot strip between the sidewalk and the fence had never been prepared and was not intended for the use of pedestrians.    At the time of the accident the walk and the space between it and the fence were covered with fresh snow, but there was a path beaten by pedestrians along the sidewalk which the plaintiff and her boy were passing over.    The boy walked in this path, but the plaintiff saw fit to walk outside of it, in the untracked snow, and by so doing she stepped off the sidewalk at the place where the Lyons's walk joined it, and this is the sole alleged cause of her injury.

The opinion of the court treats the two foot strip next the fence as a part of the sidewalk.    As I understand the evidence, this strip of ground was wholly outside of the sidewalk provided for the use of pedestrians.    It therefore seems very clear that the plaintiff fell because she went out of the beaten path into the new fallen snow and carelessly stepped off the sidewalk.    In my opinion, the borough, having provided a safe, smooth foot walk eight feet in width from its outer edge to the curb, ought not to be held guilty of negligence because the ground between this walk and the fence was a few inches lower than the walk.    If the plaintiff had been guided by the beaten path in the snow, the accident, as she describes it, could not have happened.    In addition to this, if she had observed the curb line and the fence and had walked a reasonable distance from the fence, the accident could not have happened.    To me, it seems very clear that the plaintiff was guilty of contributory negligence in walking so near the fence and outside of the beaten path.

As I understand the undisputed facts in this case, I am unable to see that the cases of Kellow v. Scranton, 195 Pa. 134, and Kauffman v. Harrisburg, 204 Pa. 26, are in point.    The first was a case of a decided depression in the street pavement and the plaintiff while walking along this pavement stepped into the depression, at the time covered with snow and slush, and she was permitted to recover.    The second case was a depression in the sidewalk and the plaintiff was walking thereon, as she had a right to do, when she was injured.

In my opinion the doctrine of the following cases clears the

defendant of negligence under the facts in the present case :
Stackhouse v. Vendig & Co., 166 Pa. 582; Mason v. Phila.,
205 Pa. 177; Seddon v. Bickley, 153 Pa. 271; Canavan v. Oil
City, 183 Pa. 611; Heister v. Fawn Twp., 189 Pa. 253; King
v. Thompson, 87 Pa. 365; Guinter v. Williamsport, 208 Pa.
587; Martin v. Williamsport, 208 Pa. 590.

I would reverse the judgment.