## Kennedy, Appellant, v. Philadelphia.

*Negligence—Municipalities—Defective sidewalk—Evidence—Contributory negligence.*

A woman who trips over a block of cement raised by the root of a tree four inches above the level of a sidewalk, cannot recover from the city for her injuries, if it appears that she knew of the defect, that her view was unobstructed, that the day was clear, and that if she had looked she could have seen the obstruction and have avoided the accident.

Argued Jan. 14, 1908.    Appeal, No. 246, Jan. T., 1907, by

plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1905, No. 1,493, on verdict for defendant in case of Henrietta Kennedy v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before VON MOSCHZISKER, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Eugene Raymond*, for appellant.

*Thomas Raeburn White*, with him *J. Howard Gendell*, for appellee.

OPINION BY MR. JUSTICE POTTER, March 2, 1908:

In the present case the learned trial judge directed the jury to render a verdict for the defendant. The facts were not in dispute. They are, in substance, that the plaintiff, walking along the pavement on Broad street, Philadelphia, at about half-past ten o'clock in the morning of a bright sunshiny day, stumbled and fell over an obvious defect in the sidewalk. The defect was caused by the roots of a tree growing under one block of cement, and raising it about four inches above the adjoining block. The plaintiff said she was going to take the car and looked straight ahead of her, as the car was coming, and caught her toe where the cement—the ledge, as she called it— was raised about four inches above the level of the pavement, upon the side from which she was approaching. The plaintiff was familiar with the spot, and had often passed over it, and had noticed the break in the pavement where the roots of the tree had raised the cement. Her excuse for failing to observe the defect at the time was that the sun was shining so brightly that she did not see it. But it appeared that the sun was not shining in her face. The measure of duty imposed by the law upon pedestrians on the streets was stated

by the present chief justice, in Robb v. Connellsville Boro., 137 Pa. 42, as follows: " That the reasonable care which the law exacts of all persons in whatever they do involving risk of injury, requires travelers, even on the footways of public streets, to look where they are going, is a proposition so plain that it has not often called for formal adjudication. But it has been expressed or manifestly implied in enough of our own cases to constitute authority for those who need it. Thus in Barnes v. Sowden, 119 Pa. 53, the court below instructed the jury that ' persons who walk along the footways or cross the streets of our city are bound to use their own faculties. . . . The plaintiff was bound to use her eyes. Not that she was to keep her eyes constantly and at every moment upon the pavement, but she was bound to do what people walking along the streets ought to do as they walk the streets in order to use them safely.' It was held that even this instruction was, under the evidence, too favorable for the plaintiff, that the obstruction was such as she was bound to see, and that her negligence was too clear to be left to the jury."

In the present case it is urged by counsel for appellant that the sunshine interfered with the plaintiff's vision. But how this could be, is not apparent. The sun was not shining in her eyes; it was, as we understand the testimony, coming from over her shoulder, or from the side. Nor does it seem that the light was reflected in her face, as from some dazzling surface. The only conclusion that we can draw from her testimony, as a whole, is that she was not paying proper attention to the ground in front of her as she walked. It would seem that any reasonable inspection of the ground in front of her would have disclosed an irregularity so extensive as that complained of here. We agree with the court below, that the evidence discloses a case where the plaintiff, a woman in full possession of her senses, walked along a street in which there had been for years an obvious defect, of which she knew. Under a clear sky, with no crowd around to disturb her, and nothing to distract her attention, or to hide the defect in the pavement from view, she stumbled over it, and was injured. We think the trial judge discharged a clear duty in ruling as a matter of law, that, under the evidence the plaintiff was negligent in failing to observe and avoid the

defect in the pavement, and that she was not entitled to recover in this case.

The assignment of error is overruled and the judgment is affirmed.