## Kennedy *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—Defective sidewalk—Pedestrians—Contributory negligence.*

A pedestrian who, in broad daylight, stumbles over a stone block in the center of a city sidewalk which protrudes four or five inches above the surrounding surface and of which there is an unobstructed view, is barred by contributory negligence from recovery against the city.

Argued Oct. 28, 1910. Appeal, No. 172, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth T., 1907, No. 50, on verdict for plaintiff in case of Margaret Kennedy v. City of Pittsburgh. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $2,250 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*C. K. Robinson*, with him *C. A. O'Brien* and *H. M. Irons*, for appellant.

*James A. Wakefield*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

If the plaintiff succeeded in showing that the defendant was guilty of negligence, she at the same time most clearly established her own as a contributing cause of the injuries she sustained. In broad daylight, between two and three o'clock on the afternoon of March 23, 1907, as she was walking on Fifth avenue, in the city of Pittsburgh, and could have seen any obstruction in her way if she had exercised ordinary care in looking where she was going, she stumbled over a stone block in the center of the sidewalk, which protruded four or five inches above the surrounding surface. The only witnesses called to show the obstruction in the pavement were the plaintiff, her mother and her sister, who concurred as to the prominence of the obstruction. In view of their concurrent testimony, the contention of the plaintiff, as stated by her counsel in his argument on this appeal, is that "the defect in the sidewalk was so notorious as to be evident to all passers and had existed and continued for such a length of time that the defendant was bound to take notice of its existence." While this statement was made to show the negligence of the city, it presents with unquestionable correctness the situation so far as the plaintiff is concerned, and what "was so notorious as to be evident to all passers" must have been evident to her if she had given any heed to where she was going. Under Shallcross v. Phila., 187 Pa. 143; Kennedy v. Phila., 220 Pa. 273, and kindred cases, defendant's point should have been affirmed. The assignments of error are sustained, the judgment is reversed and is entered here for the defendant.