## Campbell v. Vincent et al., Appellants.

*Negligence—Defective sidewalk — Flagstone — Roots of trees—
Liability of property owner—Case for jury.*

In an action by a pedestrian to recover for personal injuries resulting from a defect in a sidewalk causing her to trip and fall, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appeared that at the point of the accident the outer edge of the flagstone pavement had been raised to a height of from four to six inches at the surface by the growth of the roots of a tree; that at the time of the accident it was almost dark, snow was falling and nearly two inches of snow covered the ground; that plaintiff was looking in front of her for a distance of from four to six feet and did not see the defect in the sidewalk until she had fallen, and while still on the ground discovered the cause of her accident.

Argued Oct. 15, 1917. Appeal, No. 137, Oct. T., 1917, by defendants, from judgment of C. P. Allegheny Co., April T., 1915, No. 1561, on verdict for plaintiff in case of Araminta M. Campbell v. Fannie B. Vincent, Samuel O. McLean, Frank McLean, Ida J. Haymaker, Clyde J. McLean and Minnie M. Kammerer impleaded with Sarah B. Patterson. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before EVANS, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,500 and judgment thereon. Defendants appealed.

*Error assigned,* among others, was in refusing defendants' motion for judgment non obstante veredicto.

*George C. Bradshaw,* with him *M. L. Thompson* and *L. B. D. Reese,* for appellants.—Plaintiff was guilty of contributory negligence as a matter of law: Kennedy v. Pittsburgh, 230 Pa. 244; Kennedy v. Philadelphia, 220 Pa. 273; Sickles v. Philadelphia, 209 Pa. 114; Shall-

420    CAMPBELL *v.* VINCENT et al., Appellants.

cross v. City of Philadelphia, 187 Pa. 143; Lerner v. City of Philadelphia, 221 Pa. 294.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellees, cited: Llewellyn v. Wilkes-Barre, 254 Pa. 196; Levine v. City of Pittsburgh, 252 Pa. 181; Kellow v. City of Scranton, 195 Pa. 134; Allegheny v. Gilliam, 30 P. L. J. 461.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

Plaintiff sued defendants, property owners on South avenue in the Borough of Wilkinsburg, to recover damages for personal injuries sustained by reason of a defect in the sidewalk in front of defendants' premises. The case was submitted to the jury in a fair and adequate charge, of which no complaint is made, and a verdict rendered for plaintiff. Defendants appealed. The single question raised is whether the court erred in not holding, as matter of law, that plaintiff was guilty of contributory negligence.

In front of defendants' property between the paved portion of the sidewalk and the curb stands a shade tree, the roots of which had by gradual growth raised the outer edge of the flagstone pavement to a height of from four to six inches above the surface, causing the flagstone to break near the middle of the pavement and produce a depression due to the elevation of the outer edge of the stone. On the evening of March 2, 1914, between 5 and 5:30 o'clock, plaintiff, in passing along the sidewalk at this point, struck her foot against the raised end of the flagstone, so that she tripped and fell, with the result that she sustained the injuries for which this action was brought to recover compensation. At the time of the accident "it was almost dark," snow was falling and nearly two inches of newly fallen snow covered the ground. Plaintiff testified she was looking in front of her for a distance of from four to six feet, walking with ordinary care and did not see the defect in the

sidewalk until she had fallen, and, while still on the ground, discovered the cause of her accident.

In view of this testimony plaintiff fully met the burden resting upon her to show conditions outside of herself which prevented her from noticing the defect, or excused her failure to observe it, within the rule laid down in Lerner v. Philadelphia, 221 Pa. 294; the question of her contributory negligence consequently was for the jury.

The uncertain light, the falling snow, and the snow at the time covering the ground, all tended to serve as a reasonable excuse for plaintiff's failure to observe the condition of the walk, and whether she was exercising such care and caution as the law requires of her was for the jury: Bruch v. Philadelphia, 181 Pa. 588; Llewellyn v. Wilkes-Barre, 254 Pa. 196.

The judgment is affirmed.