## Lane, Appellant, *v.* Dickinson.

*Negligence—Sidewalk—Defect—Contributory negligence—Duty of pedestrian.*

1. It is a pedestrian's duty to keep such a general watch as to see and avoid defects in a sidewalk upon which he is walking.

2. If he is injured by a defect in the walk which he could have seen and avoided had he looked, he cannot recover damages from the owners of the sidewalk for his injuries.

*Appeals—Statement of questions involved.*

3. A matter complained of on appeal, but omitted from the statement of questions involved, will not be considered by the appellate court.

Argued January 8, 1923. Appeal, No. 361, Jan. T., 1922, by plaintiff, from order of C. P. Lancaster Co., April T., 1921, No. 17, refusing to take off nonsuit, in case of George A. Lane v. I. Haines Dickinson. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before LANDIS, P. J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit, quoting record.

*John A. Coyle,* with him *E. M. Gilbert,* for appellant.

*Chas. G. Baker,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 29, 1923:

Lime Street extends along the east side of the residence of I. Haines Dickinson, the defendant, in Quarryville Borough, Lancaster County. Some years ago Dickinson laid a cement sidewalk four feet wide, except where narrowed five inches by gate posts. A driveway was constructed across the walk and practically at the same grade except toward the curb where it descended about five inches to meet the grade of the unpaved street. The driveway was some nine feet wide, with sides gradually sloping down near and at the curb. These slopes diminished back from the curb and did not extend into the half of the walk adjoining the gate. The plaintiff, George A. Lane, was a member of the Lancaster County board of viewers, and, on December 22, 1920, with two members of the board, was going south on this walk

when, slipping on the slope of the driveway, he was seriously hurt and brought this suit for the damages thereby sustained. The trial judge granted a compulsory nonsuit and the refusal to remove the same forms the basis of this appeal by plaintiff.

To vindicate the action of the trial court, we need only consider the question of contributory negligence. It was broad daylight, with the walk and driveway perfectly visible. The viewers were walking single file, with plaintiff in the rear; his companions kept close to the gate, where the walk was level, and safely passed the driveway, while he unnecessarily walked far enough out to step on the slope and was thereby hurt. The defect, if any, in the walk was apparent and could have been easily avoided by keeping near the gate; not to do so was such an unnecessary assumption of a patent risk as prima facie precluded a recovery: see Brown et ux. v. Phila., 267 Pa. 183. It is a pedestrian's duty to keep such a general look-out as to see and avoid open defects in his path, and failure to do so is negligence unless excused by some conditions outside of himself: see Robb v. Connellsville Borough, 137 Pa. 42; Lerner v. Phila., 221 Pa. 294; Kleckner v. Cent. R. R. of N. J., 258 Pa. 461; Bean v. Phila., 260 Pa. 278; Gryning v. Phila., 269 Pa. 277; Montgomery v. Phila., 270 Pa. 346.

There was nothing to prevent plaintiff from seeing the driveway; the two men ahead in single file could not have obstructed his view of the entire sidewalk, nor of the part thereof depressed by the driveway, as they were walking near the gate. Moreover, plaintiff could not have been directly behind his companions, or he would have passed safely, as they did, on the level walk; being on one side, there was certainly nothing to obstruct his view of the driveway where he fell. The case is not parallel to Duvall v. City of New Castle, 74 Pa. Superior Ct. 573, where the ridge or mound of ice, causing the accident, was concealed by a baby carriage and the woman pushing it. It is not enough for a plaintiff to say

he was looking and did not see the defect, for he was bound to see what was plainly visible. In the language of President Judge Rice in Graham v. Phila., 19 Pa. Superior Ct. 292, 295: "We recognize the principle that it is in vain for one to say that he looked and did not see, when if he had looked he must have seen, and that in such a case it is not the duty of the court to submit to the jury the question whether he looked and failed to see the danger."

A pedestrian injured by a defect in a walk which he could have seen and avoided had he looked cannot recover: see Shallcross v. Phila., 187 Pa. 143; Kennedy v. Pittsburgh, 230 Pa. 244; Kennedy v. Phila., 220 Pa. 273; Kirschner v. Phila., 75 Pa. Superior Ct. 231. The cases called to our attention by the industry of appellant's counsel, where recoveries have been sustained, despite the pedestrian's failure to see the defect, are largely where the accident occurred in the dark or where the defect was concealed by snow: Gschwend v. Millvale Borough, 159 Pa. 257; Dean v. City of New Castle, 201 Pa. 51; Pugh v. Borough of Springdale, 238 Pa. 361; Wertz v. Girardville Boro., 30 Pa. Superior Ct. 260; Shafer v. Phila., 60 Pa. Superior Ct. 256, are typical examples of the former; while Llewellyn v. Wilkes-Barre, 254 Pa. 196; Kauffman v. Harrisburg, 204 Pa. 26; Campbell v. Vincent et al., 259 Pa. 419, are of the latter. In the instant case, the fact that the walk was slippery, because of weather conditions, called for additional caution on part of plaintiff. It was a distressing accident, but we cannot relax the rule as to contributory negligence.

Complaint is made of the exclusion of the opinions of lay witnesses as to the character of the walk, etc., but that was not a matter of controlling importance, and, being omitted from the statement of questions involved, will not be considered.

The judgment is affirmed.