## Mulford et ux., Appellants, *v*. Phila. Rapid Transit Co. et al.

Argued January 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

W. Horace Hepburn, Jr., for appellants.—The evidence did not as a matter of law show contributory negligence on part of plaintiffs and this question should have been submitted to the jury: Bruch v. Phila., 181 Pa. 588; Becker v. Phila., 212 Pa. 379; Gerlach v. Phila., 103 Pa. Superior Ct. 401.

H. Rook Goshorn, with him Harry S. Ambler, Jr., Bernard J. O'Connell, James Francis Ryan, Assistant City Solicitor, and David J. Smyth, City Solicitor, for appellees, cited: Lane v. Dickinson, 276 Pa. 306; Baron v. R. R., 71 Pa. Superior Ct. 103; Twersky v. R. R., 261 Pa. 6; Murray v. Transit Co., 292 Pa. 72; Dixon v. R. R., 98 Pa. Superior Ct. 557.

OPINION BY MR. JUSTICE DREW, February 1, 1933:

On March 25, 1927, about 12:30 in the afternoon, Mrs. Lillian K. Mulford was a passenger on a trolley car eastbound on Chestnut Street, Philadelphia. Her destination was Thirteenth Street, but about half a block before reaching the regular stop at Thirteenth Street the car was stopped by traffic. A number of passengers desired to alight at that point, so as not to be unduly delayed, and the conductor opened the doors. Several passengers alighted in safety. Mrs. Mulford followed them, but after getting down upon the street and taking "a couple of steps" away from the car she stepped into a hole or depression and fell, breaking her leg. She and her husband then brought this suit for damages, joining as defendants the carrier and the City of Philadelphia. At the close of plaintiffs' case the trial judge entered a compulsory nonsuit, which the court in banc refused to take off. From the judgment entered against them, plaintiffs took this appeal.

On the record before us, the court below could not properly have done otherwise than hold that Mrs. Mulford was, as a matter of law, guilty of contributory negligence. The accident occurred about noon on a bright,

clear day. The depression into which she stepped was six or eight inches deep and about the size of a manhole cover. It was plainly visible. If she had looked, she could not have helped seeing the danger, and it is well settled that one who steps into a defect in a pavement which he could have seen and avoided, had he looked, cannot recover: Lane v. Dickinson, 276 Pa. 306; Davis v. Wilkes-Barre, 286 Pa. 488; Baron v. Wilkes-Barre Ry. Co., 71 Pa. Superior Ct. 103; Klein v. Pittsburgh, 97 Pa. Superior Ct. 56. In the Baron Case, where the facts were quite similar to those now before us, it was said: "If it was light enough at the time the accident occurred for plaintiff, in the exercise of ordinary care, to have seen the condition of the ground and she failed to exercise such ordinary care she was not entitled to recover."

There is no merit whatever in appellants' contention that Mrs. Mulford's view may have been obscured by the passengers who preceded her. There is nothing in the record to show that her view was so obscured. She was the last to alight, and there was no reason why she could not, if necessary, have increased the distance between herself and the passengers in front. If her view was so obstructed, it was her own fault. As in Twersky v. P. R. R. Co., 261 Pa. 6, "A moment's delay on her part would have prejudiced nothing, and would have enabled her with a mere look to take in the whole situation with respect to her own safety." Nor is there any merit in the contention that the steps or the overhang of the car may have obscured her view (as in Gerlach v. Phila., 103 Pa. Superior Ct. 401), for the testimony places the hole at four feet from the track—so far away that her view of it could not possibly have been thus obstructed.

Judgment affirmed.