## Stolpe et al. *v.* Duquesne City, Appellant.

216

Argued September 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Charles A. Lewis,* for appellant.

*Benjamin L. Steinberg* and *J. L. Weinstein,* for appellees, were not heard.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

The plaintiffs, husband and wife, seek to recover damages for personal injuries sustained by the wife, as the result of a fall upon a paved walk in a public park situated in the business section of the City of Duquesne. The park, which is maintained by the city, is upon a hillside slope, with its higher level abutting

Third Street, and its lower boundary fronting on Second Street. The municipal administration building is immediately adjoining and facing the park, which covers approximately one-third of a city block in its area.

The entrance thereto from the sidewalk on Third Street is by a flight of concrete steps, which connects with a walk, seven feet in width and forty-five feet in length, leading to the center of the park. It is paved with crushed slag or macadam, so hardened that it resembles concrete. From the testimony it appears that the steps and walk are used by pedestrians as "a short cut" from Second to Third Streets, and that from fifteen hundred to two thousand persons daily traverse them.

On March 10, 1934, the wife-plaintiff and her two children, walked down the concrete steps leading from Third Street into the park. It was in the late afternoon, and there had been a heavy fall of snow during the day. When she had proceeded on the walk some fifteen feet from the base of the steps, her foot sank through the snow into a hole, which threw her to the ground.

According to the evidence, the hole in the walk was approximately three feet in diameter and four to six inches in depth, and the city had permitted it to remain unrepaired for a period of about two years. The plaintiff, however, had not walked through the park for two or three years prior to the accident, and had no knowledge or warning of the dangerous condition of the walk. When she fell the hole was covered by snow to such an extent that it was not visible to a pedestrian. Plaintiff and her daughter testified that as they walked along the pathway, the snow presented a smooth and apparently safe surface.

The injuries received by plaintiff were serious and permanent. She sustained fractures of both bones of her left leg near the ankle. She was confined to the hospital for twenty-four days, and the plaster cast remained upon her leg for six weeks. Her left leg is three-

fourths of an inch shorter than the right one due to the contraction of the Achilles tendon. The medical evidence is to the effect that this condition is permanent, unless it be remedied by an operation, the success of which is problematical.

The jury rendered verdicts, for the wife-plaintiff in the sum of $3,600, and for her husband in the amount of $1,398. Motions for a new trial and for judgment non obstante veredicto were refused by the court in banc, and judgments were entered upon the verdicts, from which the city has appealed.

In support of its motion for judgment the defendant endeavors to bring the facts within the rule of those cases which hold that a person who is faced with a choice of two routes, one known to be safe, and the other to be subject to risks and dangers, must choose the former, or otherwise assume the risk of being held contributorily negligent as a matter of law: *Levitt v. B/G Sandwich Shops, Inc.,* 294 Pa. 291; *Kaczynski v. Pittsburgh,* 309 Pa. 211; *Boyd v. Kensington Water Co.,* 316 Pa. 522; *Gara v. P. R. T.,* 320 Pa. 497; *Tharp v. Penna. R. R. Co.,* 332 Pa. 233. This principle is well established, but it has no application to the present case.

The plaintiff had an equal right to use the short cut through the park, as to travel upon other footwalks and sidewalks maintained by the city, unless by electing to use the former she voluntarily submitted herself to an obvious hazard. Here, however, there is no evidence that she was aware or should have known of the dangerous condition of the park walk, and, in view of the great number of persons who traversed it daily, there was no reason for her to consider it so hazardous that due care required her to use the longer way around the square. Accordingly it cannot be held as a matter of law that she rejected a known safe course for one manifestly dangerous.

Whether plaintiff should have observed the hole in the footwalk was for the jury to determine. Her tes-

timony is that it was so covered with snow as not to be noticeable. We have frequently held that where an otherwise apparent defect or depression is covered with slush or snow, a pedestrian should not be charged with contributory negligence for failing to observe it. In such cases it is a question for the jury under proper instruction from the court: *Kellow v. Scranton,* 195 Pa. 134; *Kauffman v. Harrisburg,* 204 Pa. 26; *Llewellyn v. Wilkes-Barre,* 254 Pa. 196; *Campbell v. Vincent,* 259 Pa. 419; *Farrell v. Plymouth Boro.,* 26 Pa. Superior Ct. 183.

What we have said applies also to the refusal of the court below to grant defendant a new trial. Not only was the evidence insufficient to charge plaintiff with contributory negligence, but the record amply sustains the charge of negligence against the city. Three witnesses testified that the hole which caused plaintiff's fall had existed in the footwalk for over a year. It was readily observable under ordinary conditions owing to its size and depth, and the city was charged with notice of its existence. See *Good v. Philadelphia,* 335 Pa. 13, and cases therein cited.

As an added reason for the granting of a new trial, defendant complains that the charge of the trial judge contained a fundamental error which tended to mislead the jury; that in summarizing plaintiff's testimony, it presented her version of the facts in a more favorable light than the evidence warranted. A careful examination of the entire charge and a comparison of it with the testimony in the case convinces us that there is no merit in this contention. If the defendant believed the charge to be misleading, its attorney should have so stated to the trial judge at the conclusion of the charge, when counsel were asked if they had any suggestions to offer. Having remained silent until the jury returned verdicts against it, defendant will not now be heard to complain of an error or inaccuracy in the charge. See *Geiger v. Pittsburgh Rys. Co.,* 247 Pa. 287; *McCol-*

*lom v. Penna. Coal Co.,* 250 Pa. 27; *Schwartz v. Caplan,* 256 Pa. 239; *Loughrey v. Penna. R. R. Co.,* 284 Pa. 267; *Davis v. Cauffiel,* 287 Pa. 420; *Broomall v. Penna. R. R. Co.,* 296 Pa. 132.

The amounts of the verdicts afford no reason for awarding a new trial. In view of the extent of the wife-plaintiff's injuries we cannot say that the verdicts are "so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below": *Knobeloch v. Pittsburgh, H. B. & N. C. Ry. Co.,* 266 Pa. 140; *Brown v. Castle Shannon Boro.,* 318 Pa. 363; *Cook v. Miller Transp. Co. Inc.,* 319 Pa. 85; *Maselli v. Stephens,* 331 Pa. 491.

Judgments affirmed.