D'Annunzio, Appellant, *v.* Philadelphia Suburban Water Company et al.

Argued December 13, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Francis T. Dennis*, for appellant.

*Theodore Lane Bean*, with him *E. Arnold Forrest*, for appellees.

OPINION BY RHODES, J., January 30, 1941:

Plaintiff brought this action in trespass to recover damages for injuries as the result of a fall occasioned by a defective sidewalk, alleging negligence on the part of defendants. The jury returned a verdict for plaintiff. The learned court below granted defendants' motions for judgment notwithstanding the verdict upon the ground that plaintiff was guilty of contributory negligence as a matter of law. From the judgment entered plaintiff has appealed.

The only matter for review is the granting of defendants' motions. In this situation the familiar rule requires that the testimony be read most favorably to the plaintiff. *Hawk et ux. v. Pennsylvania R. Co.*, 307 Pa. 214, 218, 160 A. 862; *Moore et al. v. Baltimore & Ohio R. Co.*, 136 Pa. Superior Ct. 182, 185, 7 A. 2d 162.

Viewed and considered this way, the evidence established the following facts: An excavation was made in

424

the east sidewalk of Oak Street, in the Borough of Conshohocken, in January, 1939, by defendant water company. The excavation was filled in with loose dirt, which soon settled making a large hole in the concrete sidewalk. A resident along the street threw ashes in the hole from time to time, but neither defendant water company nor defendant borough made any effort to replace the removed concrete or to remedy the situation in any other way. Their negligence is not here disputed. On the morning of May 31, 1939, the day of the accident, the hole into which plaintiff stepped was one and a half to two feet wide, and two and a half to three feet long. On the curb side it was from two to three inches deep, and on the other side between three and four inches deep. The sidewalk is about six feet wide, and is on a slope. On this particular morning, which was clear and bright, plaintiff was walking down the grade and over the described section on his way to work. He stepped into the hole and fell, sustaining severe injuries. The sidewalk was dry at the time of the accident.

When, in broad daylight, one walks into an obvious and exposed defect in a sidewalk, a presumption of contributory negligence arises, and the plaintiff is obliged to show conditions outside himself which prevented him from seeing the defect, or which would excuse his failure to notice it. *Bean v. City of Philadelphia,* 260 Pa. 278, 280, 103 A. 727; *Klein v. City of Pittsburgh,* 97 Pa. Superior Ct. 56, 61; *Walker v. Stern,* 132 Pa. Superior Ct. 343, 346, 200 A. 897. In the present case the hole in the sidewalk was plainly visible, and if plaintiff had looked he must have seen the danger. Dangers which are apparent to ordinary observation must be avoided by those who approach them. "The law exacts reasonable care of those who use public footways and if the user fails to notice an obvious danger he is negligent as a matter of law": *Walker v. Stern,*

supra, 132 Pa. Superior Ct. 343, at page 346, 200 A. 897, at page 899. This duty of a pedestrian has been frequently stated *(Mulford et ux. v. Philadelphia Rapid Transit Co. et al.,* 310 Pa. 521, 165 A. 837; *Davis v. Wilkes-Barre,* 286 Pa. 488, 490, 134 A. 105; *Lane v. Dickinson,* 276 Pa. 306, 309, 120 A. 264; *Kennedy v. Pittsburgh,* 230 Pa. 244, 79 A. 550; *Kennedy v. Philadelphia,* 220 Pa. 273, 275, 69 A. 748; Restatement of the Law, Torts, §474).

It is true that plaintiff, in describing the happening of the accident, testified that he looked. But it was not enough for plaintiff to say he was looking and did not see the defect. Any exercise of reasonable diligence would have disclosed the hole. He was bound to see what was plainly visible. *Lane v. Dickinson,* supra, p. 309. In *Graham v. Philadelphia,* 19 Pa. Superior Ct. 292, at page 295, this court said: "We recognize the principle that it is in vain for one to say that he looked and did not see, when if he had looked he must have seen, and that in such a case it is not the duty of the court to submit to the jury the question whether he looked and failed to see the danger." The defect was obvious, and could easily have been avoided by walking on the three feet of smooth pavement which remained.

Plaintiff himself made no explanation of his failure to see the defect in the sidewalk, but argues that there was a conflict of testimony as to material facts or a reasonable doubt as to the facts and the inferences to be drawn from them, and that plaintiff's contributory negligence was a question for the jury. Of course there must be no doubt or uncertainty about the facts attending an accident in order to justify a court in treating the question of contributory negligence as one of law. *Graham v. Philadelphia,* supra.

But we do not believe that the testimony of the only witness upon whom plaintiff relies to sustain his contention presents factual contradictions from which the

jury could determine that plaintiff performed the duty required of him under the circumstances.

Plaintiff's witness testified that "the ashes sort of blended in with the concrete," and plaintiff maintains that he thereby showed a condition outside himself making it difficult for a pedestrian to see the danger. But the witness went on to say that the photographs in evidence as plaintiff's exhibits were a correct representation of the condition on the day of the accident, and that the defect in the sidewalk on May 31, 1939, looked just as it did in the picture. This witness also testified that the defect in the sidewalk as thus shown was "pretty clear." If the defect was "pretty clear," the degree of blending of the color of the ashes and the concrete did not leave it difficult to see, which the photographs establish, and which photographs the witness accepted as a true and correct representation of the defect and the condition of the sidewalk itself at the time of the accident.

There is no dispute that the photographs correctly represented the condition of the pavement at the time of the accident. They show clearly and graphically the exact nature of the break in the cement sidewalk, and that the surface of the dirt or ashes in the hole is much darker and a different color from the surrounding concrete. They further show that the size of the hole was such that the slope in the pavement did not minimize the defect and the danger. The court below in its opinion correctly concludes: "No one can study these photographs, and not be convinced that the hole could have been easily seen by the plaintiff, if he had used due care," and "the grade was not so steep as to obscure so large a defect, and certainly the plaintiff had ample time and distance to avoid it had he been proceeding with due care."

As the accident happened in broad daylight, the defect being obvious and there being no other surrounding circumstances to handicap his vision or distract his at-

tention, the court below properly held that plaintiff was guilty of contributory negligence as a matter of law.

The cases cited by plaintiff are not applicable. The instant case is not parallel to those cases where the dangerous condition was hidden from plaintiff by snow, slush, or leaves, such as *Kellow v. City of Scranton*, 195 Pa. 134, 45 A. 676; *Kauffman v. Harrisburg*, 204 Pa. 26, 53 A. 521; *Steck v. City of Allegheny*, 213 Pa. 573, 62 A. 1115; *Llewellyn v. Wilkes-Barre*, 254 Pa. 196, 98 A. 886; *Campbell v. Vincent et al.*, 259 Pa. 419, 103 A. 110; *Stolpe et al. v. Duquesne City*, 337 Pa. 215, 9 A. 2d 427; *Burchfield et al. v. Borough of Conneaut Lake*, 114 Pa. Superior Ct. 114, 174 A. 668; or where the defect in the pavement could not be observed because of a crowded thoroughfare, as in *Glading v. Philadelphia*, 202 Pa. 324, 51 A. 886, and *Hardiman v. Pittsburgh Railways Co.*, 339 Pa. 79, 14 A. 2d 72. It is also distinguishable from *Brinkos et ux. v. City of McKeesport*, 136 Pa. Superior Ct. 526, 531, 7 A. 2d 516, wherein the defect was latent, and the exceptional facts of *Iseminger v. York Haven Water & Power Co.*, 209 Pa. 615, 59 A. 64.

Judgment is affirmed.